IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARREN MATHEW GIDDINGS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-1317 |
| CHARLES COUNTY PROBATION OFFICER 1, *et al.*, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-captioned case was opened on May 27, 2021, upon receipt of a Complaint from Warren Mathew Giddings, the self represented plaintiff.  ECF 1.  He alleges that probation officers from the Charles County Parole and Probation Office falsified an affidavit that led to his arrest, and that prosecutors in the Montgomery County State's Attorney's Office relied upon that false information in pursuing criminal charges against him.  *Id.*  As relief, Giddings seeks $3 million in damages.  *Id.* at 6.  The matter has been construed as a civil rights Complaint, pursuant to 42 U.S.C. § 1983.

Giddings also filed a Motion for Leave to Proceed in Forma Pauperis (ECF 2), which shall be granted.  For the reasons that follow, however, the Complaint must be dismissed.

Giddings avers in his Complaint that he is "not challenging . . . [his] underlying conviction. *Id.* at 4.  But, central to his argument is the allegation that the named defendants lied in order "to send this plaintiff to prison on his underlying conviction." *Id.* at 5.  As such, Giddings appears to be pursuing a civil action for damages with regard to alleged deficiencies in his criminal case. Such a cause of action is prohibited under the Supreme Court's holding in *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994).  *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379,

391 (4th Cir. 2014) ("*Heck* held that a prisoner may not file suit under § 1983 as long as a § 1983 judgment in his favor would imply the invalidity of his criminal conviction."), *cert. denied*, 575 U.S. 983 (2015).  Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.  *Heck*, 512 U.S. at 489.

Giddings does not allege that his conviction was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus in order to bring his claims under § 1983.  Therefore, Giddings' suit challenges the validity of his criminal judgment in a Maryland state court and are barred by *Heck*.  Moreover, Giddings' Petition for a Writ of Habeas Corpus, filed in this court pursuant to 28 U.S.C. § 2254, is still pending.  *See Giddings v. Dovey*, Civil Action No. JKB-21-707.  Therefore, the instant Complaint shall be dismissed, without prejudice.

A separate Order follows.


June 1, 2021                                              /s/
Date                                              Ellen L. Hollander
                                                  United States District Judge